Leslie T. Gladstone, Esq. (#144615)
Yosina M. Lissebeck, Esq. (#201654)
Financial Law Group
5580 La Jolla Blvd, #613
La Jolla, CA 92037
Tel: (858)454-9887
Fax: (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re | ) Case No.04-07370-H7 |
|---|---|
| GENE GARDINER, | ) |
| Debtor. | ) **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| | ) Date: September 12, 2005 |
| | ) Time: 10:00 a.m. |
| | ) Dept: 3 |

NOTICE IS HEREBY GIVEN, that, on September 12, 2005, at 10:00 a.m. in Department Three, room 129, of the United States Bankruptcy Court, Southern District of California, the Honorable John J. Hargrove, Bankruptcy Judge presiding, 325 West "F" Street, San Diego, California, a hearing will be held on the motion of Leslie T. Gladstone, Chapter 7 Trustee for summary judgment on the objection to debtor's claim of exemption in a worker's compensation award.

The basis for this motion is as follows.

The Debtor filed for protection under Chapter 7 of the United State Bankruptcy Code on or about August 23, 2004. On September 20, 2004, Leslie T. Gladstone, Trustee ("Trustee") conducted a 341 examination of the above captioned debtor.

Ntc Mtn.wpd

As stated in the Declaration of Leslie Gladstone submitted in support of the original exemption objection, the debtor testified at the 341 meeting that he obtained a workman's compensation check in the amount of $37,000 in January 2001. The Debtor further testified that he used these funds and other funds on an investment in real estate. He further testified that the real estate was sold in 2002. He further testified that the proceeds from the sale were deposited into his general bank account and commingled with other monies for 2 years prior to the bankruptcy filing. The Trustee request that judicial notice be taken of the Trustee's objection to exemption, filed November 3, 2004, as docket # 9.

The Debtor now claims that the funds in his bank account are traceable to the original workman's compensation payment but offers incomplete evidence to support his statement.

Further, the Court must consider at which point do the originally exempt assets loose their character as being exempt. Here we have exempt assets being used as a down payment on a house. Then after the house is sold because of a divorce, the proceeds of the sale of the home are transferred to ex-wife's attorney. The proceeds of the sale of the home then get transferred to debtor's divorce attorney. From there, the proceeds get divided between the spouses, and the Debtor deposits his portion, into a general bank account.

The Trustee believes that despite a request for production, evidence has not been provided that traces the funds from their original exempt source. Further, the Trustee believes that because the funds were transferred and used for various reasons, the funds lost their exempt status. As all evidence is before the Court on this motion, and as it is a legal issue of whether these funds remain exempt, the Trustee requests that summary judgment be entered in her favor.

Any opposition to this motion must be filed with the Bankruptcy Court and served on the undersigned no later than 17 days from the date this motion is served (including the 3 days for mailing). Failure to file an opposition will be deemed a consent to the motion. This motion is supported by this Notice of Motion and Motion, a Declaration of Leslie T. Gladstone and Memorandum of Points and Authorities in Support, together with all pleadings and court documents on file in this case. Any party desirous of obtaining a copy may make

1 | a written request of the undersigned and a copy will be provided to you or you can obtain a
2 | copy from the clerk of the Bankruptcy Court, 325 West "F" Street, San Diego, California
3 | during its normal business hours.
4 |     Respectfully submitted.
5 |                 FINANCIAL LAW GROUP

8 | Dated: August 15, 2005     By:/s/ Yosina M. Lissebeck
                                      Yosina M. Lissebeck, Esq.
                                      Attorneys for Leslie T. Gladstone, Chapter 7 Trustee