Leslie T. Gladstone, Esq. (#144615)
Yosina M. Lissebeck, Esq. (#201654)
Financial Law Group
5580 La Jolla Blvd, #613
La Jolla, CA 92037
Tel: (858)454-9887
Fax: (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GENE GARDINER,<br><br>                  Debtor. | Case No.04-07370-H7<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Date:  September 12, 2005<br>Time:  10:00 a.m.<br>Dept:  3 |

## SUMMARY OF ISSUES

The Trustee now moves the Court for summary judgment in her favor, raising the following issue:

Whether the Debtor's exemption of $37,000 should be disallowed, as those funds lost their exempt character and can not be adequately traced.

## STATEMENT OF FACTS

The Debtor's filed for protection under Chapter 7 of the United State Bankruptcy Code on or about August 23, 2004. On September 20, 2004, Leslie T. Gladstone, Trustee ("Trustee") conducted a 341 examination of the above captioned debtor.

///

RFP.wpd

As stated in the Declaration of Leslie Gladstone submitted in support of the original exemption objection, the debtor testified at the 341 meeting that he obtained a workman's compensation check in the amount of $37,000 in January 2001. The Debtor further testified that he used these funds and other funds on an investment in real estate. He further testified that the real estate was sold in 2002. He further testified that the proceeds from the sale were deposited into his general bank account and commingled with other monies for 2 years prior to the bankruptcy filing. The Trustee request that judicial notice be taken of the Trustee's objection to exemption, filed November 3, 2004, as docket # 9.

The Debtor now claims that the funds in his bank account are traceable to the original workman's compensation payment but offers incomplete evidence to support his statement.

Further, the Court must consider at which point do the originally exempt assets loose their character as being exempt. Here we have exempt assets being used as a down payment on a house. Then after the house is sold because of a divorce, the proceeds of the sale of the home are transferred to ex-wife's attorney. The proceeds of the sale of the home then get transferred to debtor's divorce attorney. From there, the proceeds get divided between the spouses, and the Debtor deposits his portion, into a general bank account.

The Trustee believes that despite a request for production, evidence has not been provided that traces the funds from their original exempt source. Further, the Trustee believes that because the funds were transferred and used for various reasons, the funds lost their exempt status. As all evidence is before the Court on this motion, and as it is a legal issue of whether these funds remain exempt, the Trustee requests that summary judgment be entered in her favor.

/ / /

/ / /

/ / /

## DOCUMENTARY EVIDENCE

The documents provided to the Trustee to support the tracing of the exempt assets, and which support that there is no issue as to material facts, are all attached to the Declaration of Leslie T. Gladstone, and are herein incorporated by reference. These documents were obtained from the Debtor.

**Exhibit "A"**     Request for Production of documents, served April 29, 2005

**Exhibit "B"**     January 24, 2001, Receipt of Workers Comp check in the amount of $40,326.57.

The Debtor provided the Trustee with a copy of the workers compensation receipt showing an amount of $40,326.57. This receipt was dated January 24, 2001. The Debtor's testimony is that he used those funds as a down payment for the purchase of a home in March of 2001. But the Trustee has not been provided any documents proving this allegation. The Trustee must further ask whether the Debtor deposited the $40,326.57 in his general bank account upon receipt and then provide it to escrow? The Trustee does not have any documents regarding that either. So the tracing fails right from the beginning.

**Exhibit "C"**     Purchase Agreement for Purchase of Debtor's Real Property and Closing Statement

The tracing resumes when the parties get divorced in or around December 2002. The Debtor sells his property around December 2002. The initial purchase agreement does contemplate that the Debtor is to be reimbursed out of escrow for the $40,326.57 workers compensation award. However, the closing statement does not reflect that this occurred. Instead the Trustee understands from the Debtor's testimony that the entire proceeds of the sale get transferred to the wife's divorce attorney's trust account. This causes another tracing problem, because the funds fall out of the control of the Debtor at this point, as it is neither in his account nor his agent's account that the funds are located.

**Exhibit "D"**     Stipulation re: Settlement of Select Issues and Order thereon

**Exhibit "E"**     Letter from Debtor's divorce attorney stating check enclosed for Worker's Compensation Award dated June 9, 2003.

**Exhibit "F"**   Debtor's Mission Federal Credit Union Account Statements from date of deposit of $40,326 check received from divorce attorney in June of 2003 to date of filing in August 2004.

It is the Debtor's testimony that all of the proceeds from the sale of the home were transferred from the wife's divorce attorney account to the Debtor's divorce attorney's trust. The only documents the Trustee has is a stipulation to this affect. Unfortunately for the Debtor, the stipulation provided to the Trustee is not complete, as it is missing the signature pages of the parties as well as the Order from the Court. The Trustee is then provided a letter from the Debtor's divorce attorney stating that a check is enclosed for his worker's compensation award. The Trustee is provided with the Debtor's Mission Federal general account statements- which he uses from the date of deposit of the check from his divorce attorney on June 9, 2003 up to the date of filing the petition in August 2004. These statements show that the Debtor used this money on a day to day basis. As the balance was $39,630 upon filing, that is the amount the Trustee believes should be turned over as property of the estate, and not exemptible.

## LAW GOVERNING SUMMARY JUDGMENT MOTIONS

A defending party may move for summary judgment "at any time."[1] The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.[2] The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the non-movant, there are no genuine issues of material fact in dispute.[3]

The moving party bears the burden of informing the court of the basis for its motion, together with the evidence demonstrating the absence of any genuine issue of

---

[1] Federal Rules of Civil Procedure, Rule 56(b).

[2] *Yzweig v. Herst Corporation*, 521 F.2d 1129 (9th Cir. 1975).

[3] Federal Rules of Civil Procedure Rule 56(c); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985).

material fact.[4] Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but must set forth *specific facts* showing that there is a genuine issue for trial.[5]

As shown below, there is no genuine issue of material fact as to whether the Debtor can exempt the funds as a worker's compensation award. Since the Debtor cannot set forth specific facts tracing the funds from its source to his bank account upon the petition date, and since those funds were transmuted and commingled a number of times, the Debtor can not show that there is a genuine issue for trial on the Trustee's objection, the Court must grant judgment in favor of the Trustee.

## ARGUMENT

### I.

### The Worker's Compensation Funds Can Not be Traced From The Source

The Debtor uses a non-binding, 1984 decision from the Court of Appeals in Ohio to argue that the worker's compensation check he received originally in January 2001, are exempt. *General Motors Acceptance Corporation v. Deskins*, (1984) 16 Ohio App. 3d 132, 474 N.E. 2d 1207. That case discusses that social security funds deposited into a savings account may remain exempt, even if commingled, as long, as the exempt source of the funds are reasonably traceable. *Id.* at 135. That case is very factually different than the case before this Court. In *Deskins*, Ms. Deskins was receiving social security payments directly into a bank account that was attached by a writ of attachment. She sought relief from the attachment stating that the funds in the account could not be attached, and were exempt from attachment under Section 407, Title 42 of the U.S.Code. The Court of Appeals in Ohio found that the Trial Court had abused its discretion in not allowing her to present evidence to support that the funds in that account were exempt under that section of the code and remanded.

---

[4]*Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

RFP.wpd

1  Here we have a worker's compensation award being received in January 2001. It
2  is then commingled, transferred and transmuted a number of times before resurfacing as
3  an exempt asset in the bankruptcy petition filed by the Debtor in August 23, 2004.
4  Further, in order to rely on such an argument, the Debtor, just as a beneficiary
5  under a trust, would bear the burden of identifying and tracing their trust property.
6  [citation omitted] See, *In re Columbia Gas Systems Inc.*, 997 F.2d 1039, 1063 (3rd Cir.
7  1993).
8  Finally California Civil Procedure Code section 703.080 states in pertinent part,
9  (a) Subject to any limitation provided in the particular exemption, a fund that is exempt
10 remains exempt to the extent that it can be traced into deposit accounts or in the form of
11 cash or its equivalent. (b) The exemption claimant has the burden of tracing an exempt
12 fund. (c) The tracing of exempt funds in a deposit account shall be by application of the
13 lowest intermediate balance principle unless the exemption claimant or the judgment
14 creditor shows that some other method of tracing would better serve the interests of
15 justice and equity under the circumstances of the case.
16 As shown above, the Debtor has not provided the necessary evidence that would
17 identify or trace these funds from 2001 to 2004. More important, these funds fall out of
18 the Debtor's control completely for a period of time when the proceeds from the sale of
19 the home, which allegedly the workers compensation funds are part of, are put in the
20 trust account of the Debtor's wife's attorney. The gaps in time and documents in this
21 tracing scheme are only filled in with assumptions and allegations. Thus, the Trustee's
22 objection to the claim of exemption should be sustained, by granting the Trustee's motion
23 for summary judgment.
24 ///
25 ///
26 ///
27 ///
28 ///

RFP.wpd

## CONCLUSION

Based on the above, the Trustee requests that this Court grant the motion for summary judgment and sustain her objection to the claim of exemption in the worker's compensation funds, as there are no issues of material facts. All evidence is before this Court, with no disputes remaining. Further, the Trustee requests that the Court order the Debtor to turnover the amount of $39,630 to benefit the estate.

Respectfully Submitted,

FINANCIAL LAW GROUP

Dated: August 15, 2005

By:/s/ Yosina M. Lissebeck
Yosina M. Lissebeck, Esq.
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

RFP.wpd

- 7 -